# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6237 | **DATE** | 12/28/2012 |
| **CASE TITLE** | In Re: In re Ann I. Mural | | |

**DOCKET ENTRY TEXT**

The ruling of the bankruptcy court denying permission to reopen the bankruptcy case is affirmed; the request to disqualify the bankruptcy court judge is also denied. Final Judgement to enter.

■[ For further details see text below.]   Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

Before the Court is *pro se* Debtor/Appellant Ann I. Mural's ("Mural") appeal of the bankruptcy court's order denying her motion to reopen her bankruptcy case. For the following reasons, the bankruptcy court's order is affirmed.

### I. BACKGROUND

This bankruptcy petition (No. 93-B-10244) was originally filed under Chapter 7 on May 11, 1993. According to the bankruptcy docket provided by Mural, the case was closed on September 24, 1998. Nearly 14 years later, on April 11, 2012, Mural filed a motion to reopen the bankruptcy case. The bankruptcy docket reflects that the bankruptcy judge denied the motion on May 3, 2012. Mural moved again to reopen the case, and the bankruptcy judge again denied the motion on June 21, 2012. The bankruptcy judge's reasons for denying the reopening of the case were apparently delivered orally, and Mural has not attached any transcripts of the proceedings where the denials were rendered (nor copies of minute order denials, if any were issued.)

Mural's appeal is somewhat difficult to decipher, but she frames her issues on appeal as follows:

1. The bankruptcy court erred when it denied re-opening captioned bankruptcy case, as bankruptcy court records reveal that debtors Chapter 7 bankruptcy was secretly converted to a Chapter 13 and writing the Specialized Carriers & Rigging program which Mural designed specifically for American Insurance Service Managers, Inc. and proceeds from this program are used to finance campaigns and also for the benefit of attorneys and receivers. Civil Rights violated.
2. That Judge Black should recuse himself from these proceedings as Debtor/Appellant believes that Judge Black cannot preside in an impartial manner concerning these proceedings.

Appellant's Statement of Issues to be Presented on Appeal 1. Appellant's brief (and her additional argument and exhibits filed on November 11, 2012) is similarly scattered, appearing to allege that she was deceived by

| STATEMENT |
|---|

the courts and her own lawyers into dissolving her former company, American Insurance Service Managers, Inc. ("AISMI"). *See* related bankruptcy *In re Am. Ins. Serv. Agency*, No. 93 B 00139; Pl.'s Br., Ex. C, ECF 3, PageID 122-124. This, she seems to contend, made her lose a civil cause of action she had against J.R. Insurance Services, Inc. *See Mural v. J.R. Ins. Servs., Inc.*, No. 94 C 7348.

She contends a number of irregularities occurred during the bankruptcy, including the conversion of Chapter 7 proceedings to Chapter 13 proceedings on August 25, 1993, against her wishes. She also alleges a lawyer of the trustee stole antique furniture from her secondary home in Wisconsin.

## II. ANALYSIS

As a preliminary matter, Appellant moved this court for an extension of time in which to file her reply in this appeal. Since no other parties filed a response to Appellant's brief, no reply is needed. Additionally, Appellant has already made additional arguments in her motion to file supplemental exhibits. ECF No. 6. The Court has read and considered this motion and the exhibits.

As to the merits of this appeal, the Court notes that the burden of providing the bankruptcy appellate court (which in this district is initially the district court) with an adequate record on appeal is squarely on the appellant. *In re Myers*, No. 11-5901, 2012 U.S. Dist. LEXIS 76601, at *5 (N.D. Ill. June 1, 2012) (citing *Randhava v. Peterson*, 364 B.R. 301, 304 (N.D. Ill. 2006).

Appellant has given this reviewing court nothing to work with. Although Appellant takes issue with the underlying bankruptcy disposition, the only issue before this Court is whether the bankruptcy court erred in refusing to reopen the bankruptcy case. As to that decision, the Court is in the dark as to the rationale behind the ruling because Appellant provided no transcript of the proceedings. Without knowing why the motion was denied, the Court cannot say the bankruptcy court abused its discretion. While it is true that all of Appellant's requested bankruptcy records could not be found by the Federal Records Center (Transmittal Letter, ECF No. 1-2) for inclusion with this appeal, those misplaced records concerned the original bankruptcy proceedings, all of which were concluded by 1998. As already noted, what Appellant appeals here is the bankruptcy court's two refusals to reopen the case. Those rulings occurred in 2012, and there is no indication the transcripts from those sessions were not available to Appellant to include in this appeal. Moreover, a decision regarding reopening a bankruptcy case is normally within the sound discretion of the bankruptcy judge. *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991). Without a record of the bankruptcy judge's rationale for denying the reopening of bankruptcy case, this Court cannot say that the bankruptcy court abused its discretion, particularly when the motion came nearly 14 years after the case closed.

Because the ruling of the bankruptcy court is affirmed, the bankruptcy case remains closed. The Court takes the request that the bankruptcy judge recuse himself as a motion to disqualify the bankruptcy judge. The Court notes that Appellant merely posed a "belie[f]" that the bankruptcy court could not be impartial in this matter; she offered no proof of this. No cause for disqualification having been shown, the Court denies that motion.

## III. CONCLUSION

The ruling of the bankruptcy court denying permission to reopen the bankruptcy case is affirmed; the request to disqualify the bankruptcy court judge is also denied.